# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JILLIAN BECK, individually and
as Parent and Next Friend of
A.B., a Minor, and
ANDREW R. BECK, I, individually,

        Plaintiffs,

v.                                  CV 14-67 KG/WPL

ISAIAH BAKER, in his individual
capacity, and
JOSEPH CAMPA, in his individual
capacity,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on Plaintiffs' Motion for Leave to File Amended Complaint. (Doc. 33.) Plaintiffs request leave to amend to include a claim for negligent supervision and training against the City of Las Cruces. Plaintiffs argue that the Court should grant leave to amend pursuant to Fed. R. Civ. P. 15(a)(2), asserting that during discovery, Defendants provided documents showing that the City of Las Cruces did not provide officers with proper training under N.M. Stat. Ann. § 29-7-7.5: "Interaction with persons with mental impairments; training." According to Plaintiffs, such training information was not disclosed until after the May 21, 2014, deadline to amend the complaint set out in the scheduling order. (*See* Doc. 14.)

Defendants filed a response to the motion (Doc. 37), and Plaintiffs filed a reply (Doc. 38). Defendants note that when a party requests leave to amend a pleading after the deadline in a scheduling order has passed, that party must satisfy the "good cause" requirement set forth in

FED. R. CIV. P. 16(b)(4). Defendants argue that Plaintiffs cannot demonstrate good cause for requesting leave to amend months after the deadline. Further, Defendants argue that the requirements of Rule 15(a)(2) are also not met due to futility of amendment, undue delay, and undue prejudice to the Defendants.

"[I]f a court has imposed deadlines for amending the complaint pursuant to a Rule 16(b) scheduling order, a party may not modify the schedule" except "for good cause and with the judge's consent." *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002); FED. R. CIV. P. 16(b)(4). Good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for the delay." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006). The standard under Rule 16(b)(4) is more demanding than that of Rule 15(a)(2), which requires that the "[t]he court should freely give leave when justice so requires." *See Rowen*, 210 F.R.D. at 252; FED. R. CIV. P. 15(a)(2). "If th[e] [moving] party was not diligent [under Rule 16(b)(4)], the inquiry should end." *ACC Consultants, Inc. v. Logistics Health, Inc.*, No. CIV. 09-1145 JP/RHS, 2011 WL 5212262, at *4 (D.N.M. Feb. 25, 2011) (unpublished). However, if the moving party shows the diligence required for good cause under Rule 16(b)(4), then a court will examine whether the moving party has met the requirements of Rule 15(a)(2). *Id.*; *Scull v. Mgmt. & Training Corp.*, No. CIV 11-0207 JB/RHS, 2013 WL 1657065, at *5 (D.N.M. Mar. 29, 2013) (unpublished) (citation omitted).

Although Rule 16(b)(4) is a more demanding standard than Rule 15(a)(2), the Tenth Circuit has found a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009). A motion for leave to amend may be denied when the moving party "knows or should have known

of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (quotation omitted).

Defendants argue that if Plaintiffs' proposed amended complaint is based on the idea that one or more of the Plaintiffs had a mental impairment as defined under N.M. STAT. ANN. § 29-7-7.5, then the amended complaint is unjustifiably late, as Plaintiffs knew or should have known at the time the original complaint was filed that one or more of the Plaintiffs had a mental impairment. Plaintiffs counter, however, that the cause for delay was not due to determining that one or more of the Plaintiffs were impaired, but rather that Plaintiffs did not know that the City of Las Cruces was not abiding by state law regarding officer training until the receipt of certain discovery after the deadline for amendments to the pleadings had passed. Proceeding on the basis that Plaintiffs received new information past the deadline to amend, I recommend that the Court find that Plaintiffs provided an adequate explanation for the delay and have thus met the requirements of good cause under Rule 16(b)(4).

Because I recommend that the Court find that good cause existed pursuant to Rule 16(b)(4), I proceed to examine whether Plaintiffs have met the requirements of Rule 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank*, 3 F.3d at 1365 (citation omitted).

Defendants argue first that the proposed amendments to the complaint are futile. "[A]n amendment is futile if it would not survive a motion to dismiss." *Martinez v. City & Cnty. of Denver*, No. 11-CV-00102-MSK-KLM, 2012 WL 4097298, at *4 (D. Colo. Sept. 18, 2012) (citation omitted). Defendants contend that they are unaware of any facts to indicate that any of

the Plaintiffs had a mental impairment as defined by N.M. STAT. ANN. § 29-7-7.5D: "As used in this section, 'mental impairment' includes a mental illness, developmental disability, posttraumatic stress disorder, dual diagnosis, autism, youth in crisis and traumatic brain injury." Defendants suggest that the adult Plaintiffs were, despite their denials at their depositions, impaired by alcohol when they were arrested. Nonetheless, Defendants point out that N.M. STAT. ANN. § 29-7-7.5D does not include drunkenness as a mental impairment.

While Plaintiffs reply that N.M. STAT. ANN. § 29-7-7.5D does not exclude other diagnoses not explicitly listed in the subsection, Plaintiffs never allege the mental impairment pertinent to this case—whether an impairment listed in the subsection, an alcohol impairment, or some other impairment. That is, Defendants are left guessing what mental impairment could have possibly applied to one or both of the Plaintiffs.

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, to survive a motion to dismiss, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted).

Even assuming that all of Plaintiffs' allegations are true, the proposed amendments to the complaint fail to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). Without the allegation of a mental impairment, Plaintiffs only have a speculative claim for relief. Furthermore, Defendants are left without fair notice of the grounds upon which the negligent supervision and training claim rests. Without reaching Defendants' arguments of undue delay

and undue prejudice, I recommend that the Court DENY Plaintiffs' motion for leave to file an

amended complaint on the basis of futility.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.