IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JILLIAN BECK, individually and
as Parent and Next Friend of
A.B., a Minor, and
ANDREW R. BECK, I, individually,

   Plaintiffs,

v.                CV 14-67 KG/WPL

ISAIAH BAKER, in his individual
capacity, and
JOSEPH CAMPA, in his individual
capacity,

   Defendants.

**ORDER DENYING SECOND MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter is before the Court on Plaintiffs' Second Motion for Leave to Amend Complaint, filed on January 13, 2015. (Doc. 59.) Plaintiffs seek leave to amend the Complaint to include a claim for negligent supervision and training against the City of Las Cruces on two grounds: 1) failure to provide the officer Defendants with proper training in crisis management, including crisis intervention, confrontation de-escalation, and proper interaction with persons with mental impairments, pursuant to N.M. STAT. ANN. § 29-7-7.5: "Interaction with persons with mental impairments"; and 2) the training received by Defendants encouraged overuse of force, and while Officer Baker showed signs that he needed retraining on use of force, he did not receive such training. Defendants filed a response in opposition to the motion (Doc. 66), and Plaintiffs filed a reply (Doc. 71). Upon review of the briefing, the record, and the relevant law, I DENY leave to amend the Complaint.

On August 20, 2014, Plaintiffs filed their first Motion for Leave to File Amended Complaint, based on the proposition that the City did not provide officers with proper training under N.M. STAT. ANN. § 29-7-7.5. (Doc. 33.) On September 23, 2014, I found good cause for the delay in filing for leave to amend, but recommended denial of leave on the basis of futility because Plaintiffs failed to allege a mental impairment. (Doc. 43.) The Court adopted my recommendations and denied leave to amend on December 10, 2014. (Doc. 54.)

Plaintiffs again contend that they did not learn about the training information until after the original deadline for leave to amend, which was May 21, 2014. (*See* Doc. 14 at 1.) In their proposed Amended Complaint, Plaintiffs add that Plaintiff Jillian Beck suffers from a thyroid disorder that can affect her behavior and the way she responds to stressful situations. (Doc. 59 Ex. 1 at 3.) Plaintiffs also add that officers said it was clear that Jillian Beck's behavior was affected by alcohol. (*Id.* at 4.) Plaintiffs seek to allege that the City was deliberately indifferent in training, instructing, and supervising its officers, based on the specific grounds outlined in the first paragraph, above. (*Id.* at 11.)

Defendants respond as an initial matter that the Court should deny leave to amend because Plaintiffs merely renewed their previous attempt to add the City as a Defendant under a failure-to-train theory. They point out that the second motion for leave to amend was filed only about two weeks prior to the close of the amended discovery termination deadline—January 30, 2015. (*See* Doc. 56.) As such, Defendants argue that Plaintiffs' motion is unduly delayed and would be unduly prejudicial to the Defendants. Defendants also assert that there is not good cause for the renewed motion for leave to amend because the motion is not based on due diligence and the discovery of new evidence, but rather on editing and correcting what was presented in the initial motion for leave to amend. Defendants contend that Jillian Beck's mental

impairment should have been known at the time of the filing of the first motion for leave to amend and been included therein. Further, Defendants state that, notwithstanding that Plaintiffs should have included any mental impairments in the first motion for leave to amend, Plaintiffs should have at least filed their second motion for leave to amend immediately after the Court adopted my recommendation denying leave based on futility, not approximately two weeks before the close of discovery.

With regard to undue prejudice, Defendants argue that they have already deposed Plaintiffs' witnesses, and discovery has closed. They assert that they are without the opportunity to question Jillian Beck about her claims of mental impairment via interrogatory or to depose the doctor who diagnosed her.

Plaintiffs reply that they filed the second motion for leave to amend at the late juncture they did because of delays caused by misrepresentations by Defendants. Plaintiffs provide an excerpt from a transcript of a deposition taken on November 10, 2014, of Sergeant Brisco, who was in charge of "the relevant training" at the Las Cruces Police Department. (Doc. 71 at 2; Doc. 71 Ex. 1.) Plaintiffs note that Sergeant Brisco affirmed compliance with N.M. STAT. ANN. § 29-7-7.5, which went into effect on July 1, 2011. (Doc. 71 at 2; Doc. 71 Ex. 1.) Plaintiffs state that on December 3, 2014, they sent a request for admission to Defendants to verify Sergeant Brisco's affirmation. Plaintiffs contend that they received an admission on January 28, 2015, after the deadline to respond, that the Las Cruces Police Department was not in compliance with N.M. STAT. ANN. § 29-7-7.5. Plaintiffs assert that the lengthy delay in Defendants' response to the request for admission caused a delay in filing the second motion for leave to amend, and that there was so much delay that Plaintiffs filed the second motion before even receiving the response.

Plaintiffs argue that there is no prejudice to Defendants because, although Plaintiffs have already been deposed, that is immaterial because they have no knowledge of the training received by Defendants from the City. Plaintiffs also state that they granted a full HIPAA release, which would allow Defendants the ability to investigate the basis for Jillian Beck's mental impairment. Finally, Plaintiffs state that they contacted Defendants after the close of discovery and asked if Defendants wanted additional information, but Defendants made no requests for additional disclosure.

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed.R.Civ.P. 16(b)(4)[1] and (2) satisfaction of the Rule 15(a)[2] standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation omitted). The good cause standard "requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Id.* (quotation omitted). Good cause is met, for example, where the plaintiff learned new information during discovery or the underlying law changed, while it is not good cause if the plaintiff knew the necessary information but failed to bring the claims before the deadline. *Id.* (citations omitted).

I note that the second motion for leave to amend is not a mere rehash of the original motion for leave to amend. The first motion for leave to amend only sought leave to add a claim for negligent supervision and training on the basis of noncompliance with N.M. STAT. ANN. § 29-7-7.5. (*See* Doc. 33 Ex. 1 at 10-11.) The second motion for leave to amend adds a request to include the second basis for negligent supervision and training: insufficient use-of-force training for Officer Baker, even after numerous civilian complaints.

---

[1] "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

[2] "[A] party may amend its pleading . . . with the . . . court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

As to adding a claim on the basis of noncompliance with N.M. STAT. ANN. § 29-7-7.5, I do not find good cause for leave to amend. Plaintiffs showed a lack of diligence by failing to include Jillian Beck's alleged mental impairment in their first motion for leave to amend. Further, Plaintiffs waited over a month to file their second motion for leave to amend after the Court adopted my recommendations regarding the first motion for leave to amend. Plaintiffs' argument that the delay in filing the second motion was caused by Defendants' delay in responding to their request for admission is unpersuasive. According to Federal Rule of Civil Procedure 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Thirty days after December 3, 2014, when the request for admission was served, was January 2, 2015. Plaintiffs did not file the second motion for leave to amend until eleven days later.

With respect to adding a claim for negligent supervision and training on the basis of insufficient use-of-force training for Officer Baker, Plaintiffs have provided no foundation for adding this claim. The excerpt of the transcript from Sergeant Brisco's November 10, 2014, deposition discusses the 2011 bill that made N.M. STAT. ANN. § 29-7-7.5 law. (Doc. 71 Ex. 1.) The January 28, 2015, "admission" discussed by Plaintiffs' in their reply to the second motion for leave to amend was purportedly contrary to the assertions of Sergeant Brisco. (Doc. 71 at 2.) There is no indication that Sergeant Brisco testified to anything about Officer Baker's use-of-force training, so I cannot infer that Plaintiffs learned of any insufficient use-of-force training on January 28, 2015. Furthermore, because the second motion was filed prior to January 28, 2015, I can assume that Plaintiffs came by this information at an earlier date. I cannot ascertain from the briefing when Plaintiffs learned about Baker's use-of-force training or whether Plaintiffs

exercised due diligence in attempting to bring this claim. The only potentially pertinent information in the record is Defendants' assertion that they sent Plaintiffs a supplemental discovery response on August 15, 2014, that included Professional Standards Unit files for Defendants containing, among other things, records of use-of-force incidents. (Doc. 77 at 3.) I cannot find good cause to allow leave to amend because Plaintiffs have not shown that they have been diligent and have an adequate explanation for their delay in filing for leave to amend on this basis.

Because I have found that Plaintiffs failed to demonstrate good cause for leave to amend under Rule 16(b)(4), I need not address whether Plaintiffs satisfied the Rule 15(a)(2) standard.

IT IS THEREFORE ORDERED that Plaintiffs' Second Motion for Leave to Amend Complaint is hereby DENIED for failure to provide good cause under Federal Rule of Civil Procedure 16(b)(4).

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.