## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JILLIAN BECK, individually and
as Parent and Next Friend of
A.B., a Minor, and
ANDREW R. BECK, I, individually,

        Plaintiffs,

v.                                                                          CV 14-67 KG/WPL

ISAIAH BAKER, in his individual
capacity, and
JOSEPH CAMPA, in his individual
capacity,

        Defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

On February 6, 2015, Plaintiffs filed a Motion to Compel (Doc. 68), and Defendants then filed a Motion for Protective Order (Doc. 70) on the same date. Upon review of the briefing, the record, and the relevant law, I deny Plaintiffs' Motion to Compel and grant Defendants' Motion for Protective Order.

### I.  Plaintiffs' Motion to Compel

Plaintiffs issued a subpoena duces tecum on October 1, 2014, requiring Sergeant Shane Brisco to appear for a deposition and produce "any materials concerning use of force by Isaiah Baker, Manuel Chavez, and Joseph Campa. Any and all documents and information pertaining to 'Team Blue.'[1] Any documents pertaining to training and compliance with NMSA 29-7-7.5. Any

---

[1] "Team Blue" reports are files on a database that tracks officers' use of force and requires written information from officers about what happened during each use of force incident. (Doc. 68 at 1; Doc. 77 at 3.)

and all documents used to create your report." (Doc. 68 Ex. 1 at 2.) At his deposition, Sergeant Brisco asserted that he had turned the requested documentation over to the Las Cruces City Attorney's Office. (*Id.* at 5.)

In their motion, Plaintiffs state that on January 15, 2015, Defendants provided a few responsive documents, but not all of the materials requested. From the documents provided, Plaintiffs learned that the Team Blue program was capable of individually assessing an officer or comparing him to his peers. Plaintiffs assert that Defendants never provided any documents showing compliance with N.M. STAT. ANN. § 29-7-7.5, though on January 28, 2015, Defendants responded to a request for admission that they were not in compliance with New Mexico law. On January 29, 2015, Plaintiffs[2] sent Defendants requests to inspect the Team Blue system and to have each Defendant's individual Team Blue Report and peer comparison. (Doc. 65; Doc. 68 at 2.) Plaintiffs argue that the January 29 requests correspond to the subpoena issued against Sergeant Brisco and to certain requests made earlier in Plaintiffs' first set of requests for production, filed on May 22, 2014, which asked for information on Defendants' personnel files and statements made by Defendants. (*See* Doc. 16.)

Defendants argue that I should deny the motion to compel because the discovery response deadlines would have fallen outside of the discovery deadline of January 30, 2015. Defendants state that on January 26, 2015, Plaintiffs requested to depose Detective Edgar Rosa in February 2015 and filed a Third Set of Requests for Production to Defendant Isaiah Baker. On January 29, 2015, Plaintiffs filed a Fourth Set of Requests for Admission to Defendant Isaiah Baker. Defendants argue that these discovery requests violate Federal Rules of Civil Procedure 33(b)(3) and 34(b), as well as the Court's Order Setting Pretrial Deadlines and Adopting Joint

---

[2] Plaintiffs' counsel mistakenly referred to her clients as "defendants" in the Motion to Compel. (Doc. 68 at 2.)

Status Report, which states, "Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take a deposition shall be considered timely only if the deposition takes place prior to the deadline." (Doc. 14 at 2.)

Defendants also contend that the motion to compel should be denied because they have complied with the subpoena request. Defendants state that they sent Plaintiffs a supplemental discovery response on August 15, 2014, which included the Professional Standards Unit ("PSU") files for Officers Baker and Campa. These files contained Team Blue reports. Further, Defendants assert that all training documents, including those relevant to N.M. STAT. ANN. § 29-7-7.5 and that were used by Sergeant Brisco in making his expert report, were disclosed on July 23, 2014. Defendants later disclosed the PSU file for Officer Chavez, on November 25, 2014. According to Defendants, Plaintiffs' counsel informed them on December 3, 2014, that she needed the manual for the Team Blue database. On December 10, 2014, Defendants' counsel told Plaintiffs' counsel that neither the police department nor the City IT department had the Team Blue manual, and the manufacturer was not cooperating in providing one. On January 15, 2015, Defendants provided screen shots from the Team Blue system. Finally, on February 6, 2015, Defendants disclosed the Las Cruces Police Academy's state accreditation for N.M. STAT. ANN. § 29-7-7.5.

I deny Plaintiffs' motion for two reasons. First, Defendants have outlined the information they provided in response to Plaintiffs' subpoena. The information provided appears to comply with the subpoena. Plaintiffs did not file a reply to controvert Defendants' assertions about the information disclosed in response to the subpoena. Further, even though Defendants did not have

the Team Blue manual in their possession, they attempted to get one from the manufacturer and produced screen shots for Plaintiffs.

Second, I find that Plaintiffs' discovery requests dated January 26 and January 29, 2015, are untimely. As a preliminary matter, I note that that the briefing exhibits some ambiguities about exactly what Plaintiffs are asking to be compelled. As previously noted, Plaintiffs state in their motion that on January 29, 2015, they "sent requests to inspect the team blue system, to have a defendant officer's team blue report, and the defendant officer's peer comparison." (Doc. 68 at 2.) Plaintiffs cite Document 65 as to where these requests were made. (*Id.*) However, Document 65 is a Certificate of Service regarding "Plaintiff Jillian Beck's Fourth Set of Requests for Admission to Defendant Isaiah Baker." Neither party filed a copy of these requests for admission. The requests outlined in the motion are not requests for admission, but rather an apparent supplement to the subpoena. I have already found that Defendants appear to have complied with the subpoena. There was no prior request to inspect the Team Blue system or to obtain peer comparisons. Defendants already disclosed the Team Blue reports for Baker, Campa, and Chavez. Assuming that Plaintiffs requested new discovery on January 26 and January 29, 2015, these discovery requests violated Federal Rules of Civil Procedure 34(b)(2)(A) and 36(a)(3), as well as the Court's Order Setting Pretrial Deadlines and Adopting Joint Status Report. (Doc. 14.)

Pursuant to Rule 34(b)(2)(A), a party must respond to a request for production within thirty days after being served. Rule 36(a)(3) requires that a party respond to a request for admission within thirty days after being served, or the matter is deemed admitted. Finally, as noted, the Court's Order required that depositions be completed by the discovery termination deadline to be considered timely and that requests for production be served with enough time

that the response deadline was before the discovery termination deadline. (Doc. 14 at 2.)  I granted an extension of the discovery deadline to January 30, 2015. (Doc. 56.)[3] Therefore, requests for production and requests for admission should have been filed by December 31, 2014, to be considered timely. *See Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (finding that requests for production and interrogatories must be served at least thirty days prior to the discovery deadline). Further, a deposition request four days prior to the discovery deadline, with proposed deposition dates the following month, does not meet the discovery deadline. Accordingly, I deny the motion to compel both because Defendants satisfied the original subpoena and because the new discovery requests were untimely.

## II. Defendants' Motion for Protective Order

In connection with Plaintiffs' Motion to Compel, Defendants filed a Motion for Protective Order. (Doc. 70.) Defendants ask for a protective order against the January 26, 2015, notice of deposition of Rosa and Plaintiff Jillian Beck's Third Set of Requests for Production to Defendant Isaiah Baker and the January 29, 2015, Plaintiff Jillian Beck's Fourth Set of Requests for Admission to Defendant Isaiah Baker. Defendants argue that these discovery requests violate the Court's Order Setting Pretrial Deadlines and Adopting the Joint Status Report. (Doc. 14.)

Plaintiffs argue that the parties understood the language of their Joint Motion to Extend the Discovery Deadline (Doc. 55) and corresponding Order Extending the Discovery Deadline (Doc. 56) to allow the parties to request further discovery through January 30, 2015. Plaintiffs cite *George K. Baum Advisors LLC v. Sprint Spectrum, L.P.*, No. 11-2442-JTM, 2013 WL 5255019 (D. Kan. Sept. 17, 2013), for the proposition that the Court looks to the intent of the parties to determine the meaning of a stipulated order. As support for their argument that both

---

[3] Discovery was initially set to terminate on October 27, 2014. (Doc. 14.) At the request of the parties, I had previously extended the discovery deadline to December 16, 2014. (Doc. 45.)

parties intended to request discovery through January 30, 2015, Plaintiffs state that Defendants made their last discovery requests on January 5, 2015—after December 31, 2014.

Defendants argue that the two extensions of discovery did not change how the "discovery deadline" was defined. They contend that Plaintiffs' argument of mutual intent is based on an error about when Defendants filed their last discovery request. Specifically, Defendants state that they made their last discovery requests on December 31, 2014—the deadline to make requests—, not on January 5, 2015. Defendants include a copy of an email dated December 31, 2014, which attached Defendants' Second Set of Interrogatories & Request for Production to Jillian Beck and Second Set of Request for Production to Andrew Beck. (Doc. 79 Ex. 2.) Defendants also include a copy of the Certificates of Service they filed on January 5, 2015, to reflect service of the December 31, 2014, discovery requests. (Doc. 79 Exs. 3-4; *see* Docs. 57-58.)

Based on the briefing and the record, I find no evidence that the parties intended in their stipulated order to propound discovery through January 30, 2015. Nor do I find other reason not to follow the language defining a discovery deadline in the original Order. For the reasons set out in the previous subsection, I find that Plaintiffs' January 26 and January 29, 2015, discovery requests were untimely. It is therefore ordered that Defendants are protected from responding to these deposition and other discovery requests.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge