UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JILLIAN BECK, individually and
as Parent and Next Friend of
A.B., a Minor, and
ANDREW R. BECK, I, individually,

      Plaintiffs,

v.                                                        CV 14-67 KG/WPL

ISAIAH BAKER, in his individual
capacity, and
JOSEPH CAMPA, in his individual
capacity,

      Defendants.

ORDER ON MOTIONS IN LIMINE

On January 30, 2017, the Court held a hearing on the motions in limine filed by Plaintiffs and Defendants. (Docs. 116, 117, 118, 120, 121, 122, 126, 127, 128, 129, 130, and 134), filed January 9, 2017; (Doc. 170), filed January 27, 2017. Responses to those motions in limine were filed on January 17, 2017. (Docs. 149, 150, 151, 152, 154, 157, 158, 159, 160, and 161). Mollie C. McGraw and Margaret Strickland represented Plaintiffs at the hearing. Robert A. Cabello, Thomas R.A. Limon, and Lawrence R. White represented Defendants.

Having considered the motions in limine, the responses, and the argument of counsel, the Court **ORDERS** that

    1.     Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Circumstances Alleged in the Second Phone Call which were Unknown to Officers at the Time of the Arrest (Doc. 116) is denied;

2. Plaintiffs' Motion in Limine to Exclude Evidence Regarding the Officer's First Trip to the Beck Residence (Doc. 117) is denied;

3. Plaintiffs' Motion in Limine to Exclude Evidence that the Plaintiffs' Son was in the Street When Officers Arrived (Doc. 118) is denied;

4. Plaintiffs' Motion in Limine to Exclude Allegation that Plaintiff Jillian Beck Kicked Officer after the Arrest (Doc. 120) is denied;

5. Plaintiffs' Motion in Limine to Exclude Testimony by Shawn Williams, or in the alternative, to Voir Dire the Witness Outside the Presence of the Jury (Doc. 121) is denied as moot;

6. Plaintiffs' Motion in Limine to Exclude Video of Plaintiff Jillian Beck Taken at the Police Station after her Arrest (Doc. 122) is denied;

7. Plaintiffs' Motion in Limine to Exclude Information of Payment for Medical Treatment (Doc. 126) is denied as moot, because the parties agree to exclude any evidence related to the payment of Plaintiff Jillian Beck's medical bills;

8. Plaintiffs' Motion in Limine to Exclude Evidence Regarding Pregnancy (Doc. 127) is denied as moot, because the parties agree to exclude any evidence related to Plaintiff Jillian Beck's alleged pregnancy;

9. Plaintiffs' Motion in Limine to Exclude Evidence of Alleged Intoxication Level (Doc. 128) is denied;

10. Ruling on Defendants' Motion in Limine to Exclude Evidence (Doc. 129) is reserved;

11. Defendants' Motion in Limine to Exclude Evidence and Testimony Regarding Defendants' Disciplinary Regarding Use of Force and Arrest (Doc. 130) is denied as moot

because the parties agree to exclude any evidence related to prior bad acts unless a party opens the door or approaches the bench and receives a ruling outside the presence of the jury;

12. Ruling on Defendants' Motion in Limine to Exclude Evidence and Testimony Regarding the Alleged Trauma of Plaintiffs' Child (Doc. 134) is reserved; and

13. Plaintiffs' Motion in Limine to Exclude Unsubstantiated Allegation of Affair (Doc. 170) is denied as moot, because the parties agree to exclude any evidence related to Plaintiff Jillian Beck's alleged affair.

_____
UNITED STATES DISTRICT JUDGE